# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREA FRISCHHERTZ, ET AL.** | CIVIL ACTION |
| **VERSUS** | NO: 10-2125 |
| **SMITHKLINE BEECHAM CORPORATION** | SECTION: "C" (4) |

## ORDER

Before the Court is **Plaintiffs' Motion to Compel Discovery Response to RFP's Nos. 2 and 4 (R. Doc. 46)** filed by the Plaintiffs, Andrea and Brad Frischhertz ("Plaintiffs"), seeking an order from this Court requiring Defendant GlaxoSmithKline LLC ("Defendant") to more fully respond to Plaintiffs' First Set of Requests for Production of Documents. Plaintiffs also seek attorney's fees. Defendant opposes the motion and requests attorney's fees. (R. Doc. 48.) The motion was heard by oral argument on Wednesday, October 5, 2011.

## I.     Factual Background

Plaintiffs filed this suit under various Federal and Louisiana State Laws, including the Federal Food Drug and Cosmetic Act, 21 U.S.C. § 351, *et seq.*, and the Louisiana Products Liability Act, La. R.S. 9:2800.57. Plaintiffs allege that Plaintiff Andrea Frischhertz was prescribed the drug "paroxetine" or Paxil while pregnant with their son. (R Doc. 1-1, ¶ 18.) Plaintiffs further allege that, as a result, their son was born with multiple birth defects, which were proximately caused by Defendant's negligent design, manufacture, labeling, and marketing of the drug. (R. Doc. 1-1, ¶ 28, *Causes of Action*.) Plaintiffs further allege that Defendant knew or should have known that Paxil

was defective and unsafe, especially when taken by pregnant women. (R Doc. 1-1, ¶ 68.) They seek damages, including medical expenses, on behalf of themselves, and on behalf of their minor son. (R. Doc. 1-1, ¶ 68, *Prayer for Relief*.)

On March 22, 2011, Plaintiffs propounded their First Set of Requests for Production on Defendant. On April 20, 2011, Defendant served its responses. Plaintiffs now seek an order from this Court requiring Defendant to more fully respond to Request for Production Number 4.[1] Plaintiffs further seek attorney's fees. Defendant opposes the motion and requests attorney's fees.

## II. Standard of Review

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

---

[1]Plaintiffs originally requested an order from this Court requiring Defendant to provide documents in response to Request for Production Numbers 2, 3, and 4. In its opposition, Defendant informed the Court that following the parties' meet and confer, it agreed to produce documents in response to Request for Production Number 3. During the hearing, Plaintiffs further informed the Court that Defendant had also produced documents in response to Request for Production Number 2. Thus, the only request at issue is Request for Production Number 4

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

### III. Analysis

#### A. Request for Production Number 4

Request for Production Number 4 states: "Please produce a copy of all depositions of all experts who have testified on your behalf in cases involving allegations that Paxil caused birth defects." (R. Doc. 46-2, p. 4.) Defendant objects to Request for Production Number 4 on the basis that it is overly broad, unduly burdensome, not properly limited, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. (R. Doc. 46-2, p. 4.)

In support of their motion, Plaintiffs argue that Request for Production Number 4 is not overly broad, nor is it irrelevant. Plaintiffs failed to make any further argument in response to Defendant's formal objections to Request for Production Number 4. Instead, Plaintiffs argue that Defendant has hired hundreds of experts in connection with other Paxil lawsuits, and should be required to produce the documents it provided to liability and causation experts in past cases.

In opposition, Defendant emphasizes that Request for Production Number 4 specifically asks for copies of all depositions of experts who have testified on Defendant's behalf, *not* all documents

provided to those experts. Defendant also argues that the facts and allegations in this case are substantially different from other cases, and experts and testimony in this case will likely differ from the testimony in other cases. Thus, copies of expert depositions in other cases are irrelevant. Finally, Defendant argues that it is not required to identify its expert witnesses in this case or the opinions of those experts until the Court's deadline for written reports of experts, and should not be required to do so before the deadline.

During the hearing, Plaintiffs further argued that Defendant has been represented by the same law firm in each of the Paxil litigations. Thus, it would not be overly burdensome for Defendant to produce the requested documents. Plaintiff further informed the Court that prior to the hearing, it had conferred with Defendant and narrowed the scope of its request to not include depositions taken in Pennsylvania state courts, where depositions of experts were not taken.

In response, Defendant argued that its only outstanding objection to Request for Production Number 4 was the over breadth of the request. According to Defendant, all of the previous Paxil lawsuits involved birth defects of the heart. Defendant contended that the instant lawsuit was the first case involving a birth defect of the hand. Defendant further argued that Plaintiffs' request for copies of depositions of all experts who have testified its behalf was overly broad because those depositions specifically related to birth defects of the heart.

After considering the parties' submissions and oral arguments, the Court concluded that because Plaintiffs are not required to limit their request to depositions of experts in birth defect of the hand cases only, and because Plaintiffs' request may lead to the discovery of admissible evidence, Defendant's objection must be overruled. In so doing, the Court notes that counsel for Defendant did not suggest that the number of previous cases was plentiful or that gathering the

information could not be accomplished without causing difficulty to his client's operations. The Court further ordered that Defendant's production in response to Request for Production Number 4 shall be limited to liability and causation experts only, and that such production was to be served no later than thirty days from the hearing.

### E. Attorney's Fees

Both parties seek to recover attorney's fees and costs in connection with this motion. Federal Rule of Civil Procedure 37(a)(5) provides that when a discovery motion is granted, or if the requested discovery is provided after the motion was filed, the court shall award reasonable expenses, including attorney's fees, to the prevailing party, unless the opposing party's objection was substantially justified. Fed.R.Civ.P. 37(a)(5)(A). Federal Rule of Civil Procedure 37(a)(5) also provides that if the motion is denied, the Court must require the movant to pay the party who opposed the motion expenses, including attorney's fees. Fed.R.Civ.P. 37(a)(5)(B).

The instant motion started off with three discovery requests in dispute; however, two of the three requests were resolved by the parties. Further, the objection lodged regarding the remaining contested request was reasonable, and a legitimate discovery dispute existed between the parties. For those reasons, reasonable expenses, including attorney's fees, will not be awarded to either party.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion to Compel Discovery Response to RFP's Nos. 2 and 4 (R. Doc. 46)** is **GRANTED IN PART** and **DENIED IN PART AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant shall produce documents in response to

Plaintiffs' Request for Production Number 4 **no later than November 4, 2011.**

**IT IS FURTHER ORDERED** that Defendant's production of documents in response to Request for Production Number 4 shall be limited to liability and causation experts only.

New Orleans, Louisiana, this 5th day of January 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**