UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREA FRISCHHERTZ, et al.** | **CIVIL ACTION No. 10-2125** |
| **VERSUS** | **JUDGE BERRIGAN** |
| **SMITHKLINE BEECHAN CORP, et al.** | **MAGISTRATE JUDGE ROBY** |
| | **SECTION "C"** |

## ORDER & REASONS[1]

Before the Court is a Motion for Review of Taxation of Costs filed by Andrea Frichhertz, et al. ("Plaintiffs"). Rec. Doc. 315. With this Motion, Plaintiffs ask the Court to deny costs to GlaxoSmithKline, ("GSK") or alternatively, to reduce the costs previously awarded to GSK by the Clerk of Court. *Id.* GSK oppose this Motion. Rec. Doc. 316. Having examined the memoranda of counsel, the record, and the applicable law, this Motion is GRANTED for the following reasons.

## I. BACKGROUND

This Motion arises after final judgment in a case where Plaintiffs alleged harm caused by the use of the pharmaceutical drug Paxil during pregnancy. Rec. Doc. 1-1 at 1-2; Rec. Doc. 64 at 1-2. During the course of that litigation, GSK moved to exclude the testimony of Plaintiff's causation experts. Rec. Doc. 187; Rec. Doc. 188. After a *Daubert* hearing, the Court decided to exclude the expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 591-592, 113 S.Ct. 2786, 125 L. Ed. 2d 469; Rec. Doc. 303 at 7-8. GSK moved for summary judgement, which the Court granted in GSK' favor. Rec. Doc. 303 at 12. Then, GSK moved to tax costs under Federal

---

[1]Victoria Jowers, a second-year law student at Paul M. Herbert Law Center, Louisiana State University, assisted in the preparation of this Order and Reasons.

1

Rules of Civil Procedure 54(d)(1). Rec. Doc. 316-3 at 2. The Clerk of Court issued a Bill of Costs, which is the subject of review in the instant Motion. Rec. Doc. 314. The instant Motion first asks the Court to deny costs to GSK. Alternatively, the Motion seeks to reduce the amounts awarded for transcript fees, printing fees, and travel expenses for witnesses. Rec. Doc. 315-1 at 3-8.

## II. LAW AND ANALYSIS

### A. Standard of Review

The Court reviews the Clerk of Court's award of costs *de novo. Hassinger v. JP Morgan Chase & Co.,* CIV.A. 06-2931, 2009 WL 2382960, at *1 (E.D. La. July 27, 2009); *see also One River Place Condominium Ass'n, Inc. v. Axis Surplus Insurance Co.,* No. 07-1305, 2010 WL 235028 at *2 (E.D. La. Jan. 14, 2010); *Sigur v. Emerson Process Management,* No. 05-1323, 2008 WL 1908590 at *2 (M.D. La. Feb. 21, 2008) (reiterating the proper standard of review for a district court reviewing an award of costs by the Clerk of Court). Federal Rule of Civil Procedure 54(d)(1) provides that, "costs-other than attorneys' fees-should be awarded to the prevailing party." FED. R. CIV. P. 54(d)(1). These costs are awarded as a matter of course, unless the Court directs otherwise. FED. R. CIV. P. 54. Title 28, United States Code, Section 1920 states that, among other costs, successful litigants may recover "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," "fees and disbursements for printing and witnesses," and "compensation of court appointed experts." 28 U.S.C. § 1920. Title 28, United States Code, Section 1821 sets a forty dollar per day compensation rate for each witness in attendance, and establishes limits for per diem and travel compensation. 28 U.S.C.A. § 1821.

### B. Analysis

A district court has broad discretion over whether to award costs to the prevailing party, and a ruling denying costs will only be reversed if an abuse of discretion is shown. *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006)); *see also Schwartz v. Folloder,* 767 F.2d 125, 131 (5th Cir. 1985) (explaining that review of a district court's decision on costs is narrow, and will only be reversed for abuse of discretion); *Lightfoot v. Hartford Fire Ins. Co.,* CIV.A. 07-4833, 2012 WL 6161796, at *4 (E.D. La. Dec. 11, 2012) (explaining that courts may refuse costs to a prevailing party). However, the Fifth Circuit has a presumption that a court will award costs to the prevailing party. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992).This presumption is not irrefutable. *Id.* Federal Rules of Civil Procedure 54(d) permits this Court to use its discretion and withhold an award of costs from the prevailing party. *Id.* In *Salley,* the court withheld costs from the prevailing party for improper conduct throughout the trial. *Id.* The Fifth Circuit upheld the trial court's reasoning, and found that the *Salley* court had not abused its discretion by denying an award of costs. *Id.*

Courts may decide to excuse a losing party from paying costs for several reasons. *Pacheco v. Mineta,* 448 F.3d 783, 794 (5th Cir. 2006); *see also Lightfoot,* 2012 WL 6161796, at *4. If the court excuses the losing party from paying costs, it must explain its reasons for doing so. *Pancheco,* 448 F.3d at 794. In order to do so, the litigant must have brought their claim in good faith and be able to demonstrate at least one of five factors, discussed below. *Id.*

**1. Good Faith**

In order to apply these five factors, the losing party must have brought their claim against the prevailing party in good faith. *Id.* GSK alleges that the lawsuit brought by Plaintiffs was "baseless," but that is not a finding the Court made in this case. Rec. Doc. 316 at 1. GSK prevailed

on summary judgment. Rec. Doc. 303. GSK' motion for summary judgement was granted as a direct result of the exclusion of Plaintiffs' causation experts. *Id.* at 10-13. As Plaintiffs admit, causation was complicated in this trial. Rec. Doc. 315-1 at 2. Plaintiffs' experts were well educated and willing to testify to at least general causation. *Id.* at 5-8. As such, it was objectively reasonable for Plaintiffs to believe they had a claim against GSK. However, without the Court's scrutiny through a *Daubert* hearing, the Plaintiffs did not know if their experts' testimony would meet the *Daubert* standard. The Court found that Plaintiffs' causation testimony did not meet the legal standard of *Daubert.* Rec. Doc. 303 at 10-13. Plaintiffs cannot be said to have brought a claim in bad faith simply because of a failure to prove causation. Although good faith alone does not overcome the presumption in favor of awarding the prevailing party costs, good faith in addition to the presence of other factors is sufficient. *Chambers v. Joseph T. Ryerson & Son, Inc.*, 3-05-CV-1533-D, 2007 WL 4302740, at *2 (N.D. Tex. Aug. 31, 2007) (Report and Recommendation adopted in part); *see also Pacheco,* 448 F.3d at 794-795.

### 2. The Five Cost Consideration Factors

The factors courts in the 5th Circuit consider when determining whether or not to award costs when the losing party brought their claim in good faith are:

1. The losing party's limited financial resources;

2. Misconduct by the prevailing party;

3. Close and difficult legal issues presented;

4. Substantial benefit conferred by the public; and

5. The prevailing party's enormous financial resources.

*Lightfoot,* 2012 WL 6161796, at *4 (citing *Wade v. Peterson*, 416 F. App'x 354, 356 (5th Cir. 2011) *cert. denied,* 132 S. Ct. 520, 181 L. Ed. 2d 365 (U.S. 2011)).

Four of the five factors weigh in favor of denying costs in this case. Plaintiffs, the losing party in this case, are of limited financial resources. Since 2005, they have been raising a minor child suffering from heart and limb related birth defects. Rec. Doc. 64 at 5. The child has endured many medical treatments and procedures. *Id* at 5-6. Plaintiffs have accrued significant medical expenses. *Id.* at 2. Plaintiffs have experienced economic loss as a result of this experience. *Id.* at 20. Further evidencing Plaintiffs' financial hardship, GSK removed this action to federal court alleging damages in this case, if awarded, would be over $75,000.00. Rec. Doc. 1 at 2-3. GSK used the argument that Plaintiffs will continue to suffer economic damages, including continuing medical expenses, to meet their burden of showing by a preponderance of the evidence that the amount in controversy was over $75,000.00. *Id.* at 3. Plaintiffs are responsible for bearing the current and future burden of caring for their disabled child.

Courts in the 5th Circuit have taken continuing medical expenses into account when evaluating the losing party's limited financial resources. *McBroom v. Payne,* 1:06CV1222-LG-JMR, 2011 WL 1743660, at *1 (S.D. Miss. Apr. 11, 2011). The Court may also consider the impact the costs will have on the losing party's finances. *United States ex rel. Rose v. E. Texas Med. Ctr. Reg'l Healthcare Sys.*, CIV. A. 2:05 CV 216, 2008 WL 4755609, at *1 (E.D. Tex. Oct. 28, 2008). In *Rose,* the court declined to award costs to a prevailing major company due to financial disparity between it and a private working citizen. *Id.* There, the court noted that while costs totaled only $9,000, a relatively low amount for litigation, an award of costs would still negatively impact the plaintiff's finances. *Id.* Here, the burden of paying the much larger award of $40,973.78 would certainly

5

negatively impact Plaintiffs' finances. Rec. Doc. 314. This financial impairment may negatively impact Plaintiffs' ability to provide for their child's future medical expenses.

Closely tied to the first factor, the fifth factor also weighs in Plaintiffs' favor. Plaintiffs allege that the financial discrepancy between the two parties is great. Rec. Doc. 315-1 at 2. GSK admit that they have greater financial wealth than Plaintiffs. Rec. Doc. 316 at 4. In *Chambers v. Ryerson & Son,* only three of the cost-consideration factors were present. 2007 WL 4302740 at *1. There, the magistrate judge recommended denying costs outright, due largely to wealth disparity. *Id* at *1-2. In that case, the losing party was an adult male carrying medical expenses and a significant economic burden, while the prevailing party was an international corporation. *Id.*

The present case contained close and difficult legal issues. Plaintiffs argue that there were complicated issues surrounding causation in this litigation. Rec. Doc. 315-1 at 2. GSK themselves acknowledge that discovery was extensive and complicated. Rec. Doc. 316 at 3. This Court had to analyze the causation experts presented by Plaintiffs and determine if their testimony was admissible. Rec. Doc. 303. Before the *Daubert* hearing, there was no way for Plaintiffs, as persons without the requisite medical knowledge, to know that their causation evidence would be considered inadmissable. When a case presents close and difficult legal issues and those issues are prosecuted in good faith, an award of costs may not be merited. *Libertarian Party v. Darenne,* No. 08-582, 2010 WL 2572114, at *2 (M.D. La. June 23, 2010); *see also E. Texas Med. Ctr. Reg'l Healthcare Sys.*, 2008 WL 4755609, at *2 (finding that while good faith is not enough to deny costs, close and difficult issues of law make the equities in favor of not taxing costs against a losing party).

There is a substantial benefit to the public in having close cases on issues of public safety such as the present case litigated. *McBroom ,* 2011 WL 1743660, at *2 (finding a substantial benefit

6

to the public in litigating a close deadly force case). In *E. Tex. Med. Ctr.,* the court placed special emphasis on the public benefit from litigating claims against a Medicaid participant under the False Claims Act. 2010 WL 2572114, at *2. This case confers a similar benefit to the public because it encourages citizen participation in the regulation of the quality of product they receive from private companies, much like the False Claims Act preserves the quality of medical care patients receive through government programs. An award of a large amount of costs may have a "chilling effect" on future plaintiffs wishing to bring similar complex claims. *Id.*

### 3. Additional Factors

The cost consideration factors are not an exhaustive list, but rather there are a wide range of reasons used to justify denying a prevailing party costs. *Pacheco,* 448 F.3d at 794; *see also E. Tex. Med. Ctr.*, WL 4755609, at *1. The Court also considers GSK' invoices. GSK submitted invoices for transcripts necessarily obtained for use in the case amounting to $24,651.00. The applicable local rule does not require that bills be itemized. *Copeland v. Wasserstein,* 278 F.3d 472, 484 (5th Cir. 2002). As this Court has held before, the fact that a prevailing party does not submit an itemized invoice does not preclude an award of costs when counsel declares under penalty of perjury that the costs are correct and necessarily incurred. *JP Morgan Chase & Co.,* 2009 WL 2382960, at *1 (citing *Holmes v. Cessna Aircraft Co.* 11 F.3d 63, 64 (5th Cir. 1994)). Some proof is required that copying expenses necessarily resulted from the litigation. *JP Morgan Chase & Co.,* 2009 WL 2382960, at *1. In this case, GSK' counsel did submit the appropriate affidavit. Rec. Doc. 306-4 at 1. However, many of these invoices are for next-day, five-day, or ten-day delivery. Rec. Doc. 315-2. It is obvious that some of these invoices reflect expedited costs. *Id.* The extra costs of obtaining transcripts on an expedited bases is not taxable unless prior court approval of the expedition has been obtained or the

special character of the litigation requires expedited receipt. *Fogleman v. ARAMCO,* 920 F.2d 278, 286 (5th Cir. 1991). The same reasoning applies to a deposition which was expedited. *Id.* At least one of the GSK' depositions was received on an expedited basis. Rec. Doc. 315-2.

GSK have provided this Court with no documentation as to what portion of these transcript costs are recoverable. Rather the GSK state simply that all of these costs were necessarily incurred because the documents were so voluminous that they had to be prepared ahead of schedule. Rec. Doc. 316 at 8. This explanation does not suffice to explain the "special character" of this litigation in order to justify the taxation of expedited costs. "Courts are not accountants," and losing parties "should not be tagged with either cost or expense bills that are horseback estimates." *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1098-99 (5th Cir. 1982).

In addition, GSK sought travel and transportation costs for some witnesses. Rec. Doc. 314 at 3. Specifically, one witness's travel expenses to attend his deposition were $790.00. *Id.* However, GSK admit that they chose to have this witness travel, for their convenience, rather than depose him at his home. Rec. Doc. 316 at 11. GSK also requested $1, 597.60 in airfare, $395.30 in ground transportation, $270.00 in two nights of hotel expenses, and three days of per diem for one witness to attend the *Daubert* hearing. Rec. Doc. 314 at 3. The *Daubert* hearing took less than one full day. Rec. Doc. 229 at 1.

Under 28 United States Code Annotated, Section 1821, all normal travel expenses are taxable as costs as defined in §1920. 28 U.S.C.A. §1821. Under United States Code Section 1920, these costs are taxed at the court's discretion. 28 U.S.C. §1920. A court may assess costs for journeys by witnesses of more than 100 miles when special circumstances are present. *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales,* 729 F.2d 1530, 1551-52 (5th Cir. 1984). The relevance and necessity of a

witness's testimony, along with the existence of prior Court approval before accruing expenses are considered when determining whether special circumstances are present. *Id.* at 1552. The Court is not persuaded that a prevailing party's convenience should be considered special circumstances. While the per diem rates charged were the government rate approved under U.S.C.A. §1821, the Court did not approve paying for a witness for three days to attend a one-day hearing, and no evidence exists as to the necessity of his attendance for three days. These expenses are in excess of what the Court considers necessary for this litigation. The Court denies all costs to GSK.

Accordingly,

IT IS ORDERED that the Motion for Review of Taxation of Costs filed by Plaintiffs is GRANTED. Rec. Doc. 315.

New Orleans, Louisiana, this 26th day of July, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**